IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:14-CV-00027-RJC-DCK

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE EDGE INVESTORS, L.P., | ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

The Edge Investors, L.P. ("The Edge"), defendant in the above-styled civil action, hereby submits this brief in support of its Motion to Dismiss plaintiff Crum & Forster Specialty Insurance Company's ("Crum & Forster") Complaint for Declaratory Relief (the "Complaint") under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. As more fully set forth herein:

1. This Court should dismiss the Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure because The Edge is not subject to personal jurisdiction in North Carolina. The Edge is a Georgia limited partnership whose business involves a condominium construction project located in Florida, and The Edge does not conduct business activities in North Carolina; or,

2. This Court should dismiss the Complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure because this action was brought in an improper venue, or in the alternative, transfer this action to a proper venue under 28 U.S.C. 1406(a), or

3. This Court should transfer this action under 28 U.S.C. § 1404(a) to a more proper venue.

**ORAL ARGUMENT REQUESTED**

- 1 -
Case 3:14-cv-00027-RJC-DCK   Document 14-1   Filed 04/07/14   Page 1 of 15

## I. BACKGROUND

This action arises out of Crum & Forster's obligations under certain commercial general liability insurance policies insuring The Edge in connection with a condominium construction project located in West Palm Beach, Florida, known as The Edge No. One Condominium (the "Condominium"). On or about May 6, 2013,[1] the condominium association for the Condominium commenced an action against The Edge, and others, captioned *The Edge No. One Condominium Association v. The Edge Investors, L.P.*, *et al*, In the Circuit Court of the 15th Judicial Circuit, In and For Palm Beach County, Florida, Case No.: 502013CA007785XXXXMB (the "Underlying Action"). See Complaint at Exhibit A. The condominium association alleges that the Condominium[2] sustained property damage to individual units and the common elements resulting from the alleged negligence of The Edge, as developer of the Condominium. Complaint at Exhibit A ¶¶ 5, 45-46. Similar allegations were made against a general contractor regarding the construction of the Condominium, Coastal Construction Services, LLC, a Florida limited liability company. Complaint at Exhibit A ¶¶ 13, 49-50.

Despite: 1) the location of the Condominium; 2) The Edge's status as a Georgia limited partnership; and 3) the Condominium's and the Underlying Action's Florida location, Crum & Forster commenced this action in North Carolina. It appears that Crum & Forster has done this for the purpose of obtaining some perceived advantage regarding the outcome of this insurance coverage dispute (*i.e.*, forum shopping).

---

[1] The plaintiff in the Underlying Action filed an Amended Complaint against The Edge on or about July 9, 2013. It should also be noted that in its Complaint, Crum & Forster erroneously alleged that the Underlying Action was commenced on or about November 4, 2009. Complaint ¶ 11.

[2] The Condominium is a 16 story residential tower, containing three hundred and seven residential (307) units, with a multiple level parking garage and common areas.

## II. LAW AND ARGUMENT

### A. This Court Should Dismiss the Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure Because The Edge is Not Subject to Personal Jurisdiction in North Carolina

As this Court has stated, "[i]n evaluating a motion to dismiss for lack of personal jurisdiction all factual disputes must be resolved in favor of the non-moving party. [However,] [t]hat party must make a *prima facie* showing that exercise of personal jurisdiction is proper. *Andritz Hydro Corporation v. PPL Montana, LLC*, 2013 WL 5574923 *4 (W.D.N.C. Oct. 10, 2013) (citations omitted). It is Crum & Forster's burden to establish that this Court has personal jurisdiction over The Edge by a preponderance of the evidence. See *Mercam, Inc. v. Portlyn, Inc.*, 2007 WL 152121 *5 (W.D.N.C. Jan. 17, 2007), citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989).

This Court has further stated that:

> Analysis of personal jurisdiction has traditionally involved two determinations: "whether the [particular state's] long-arm statute authorizes the exercise of jurisdiction in the circumstances presented and . . . whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards."

*Andritz at *4*, quoting *Ellicott Machine Corporation, Inc. v. John Holland Party Limited,* 995 F.2d 474, 477 (4th Cir.1993).

#### 1. North Carolina's long-arm statute does not authorize the exercise of personal jurisdiction in this matter

In its Complaint, Crum & Forster has not alleged personal jurisdiction under North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4. Instead, it has only alleged proper venue under 28 U.S.C. § 1391. Even a cursory review of North Carolina's long-arm statute reveals that it does not authorize personal jurisdiction over The Edge.

The Edge is a Georgia limited partnership with a principal place of business in Atlanta, Georgia, and its business involves a condominium construction project located in West Palm
- 3 -
Case 3:14-cv-00027-RJC-DCK   Document 14-1   Filed 04/07/14   Page 3 of 15

Beach, Florida. Dec. Melanie Waters ¶¶ 4 & 5; Ex. A. Further, The Edge does not conduct business activities in North Carolina. Dec. M. Waters ¶ 6.

The only mention of North Carolina in this entire action is Crum & Forster's allegations in its Complaint that the commercial general liability policies insuring The Edge were allegedly "issued by Crum & Forster in the State of North Carolina to Wood Real Estate Investors," and that "[a]t all relevant times to this Complaint, Wood Real Estate Investors was a North Carolina corporation with its principal place of business in the State of North Carolina." Complaint ¶¶ 4-5. However, Wood Real Estate Investors, LLC is neither a party to this action, nor a party to the Underlying Action. Accordingly, insurance coverage for Wood Real Estate Investors, LLC in connection with the Underlying Action is not implicated in this action. Also, and contrary to Crum & Forster's allegations, at all relevant times, Wood Real Estate Investors, LLC was not a North Carolina corporation or entity, and did not have its principal place of business in North Carolina. Dec. M. Waters ¶ 7.

It is also important to note that all communication from Crum & Forster to The Edge regarding the Underlying Action and The Edge's claim for coverage was made to The Edge in Georgia. Dec. M. Waters ¶ 8. Moreover, all communication from The Edge to Crum & Forster regarding the Underlying Action and The Edge's claim for coverage was made from The Edge in Georgia. Dec. M. Waters ¶ 9. No communication between Crum & Forster and The Edge regarding the Underlying Action or The Edge's claim for coverage occurred in North Carolina. Dec. M. Waters ¶ 10.

N.C. Gen. Stat. § 1-75.4 provides:[3]

> A court of this State having jurisdiction of the subject matter has jurisdiction . . . under any of the following circumstances:
>
> (1) Local Presence or Status.--In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
> > a. Is a natural person present within this State; or
> >
> > b. Is a natural person domiciled within this State; or
> >
> > c. Is a domestic corporation; or
> >
> > d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

As set forth above, The Edge is not a natural person present or domiciled within North Carolina. Also, it is not a North Carolina domestic corporation, and it is not engaged in substantial activity within this state. Instead, The Edge 1) is a Georgia limited partnership with a principal place of business in Georgia, 2) its business involves a condominium construction project located in Florida, and 3) it does not conduct business activities in North Carolina.

N.C. Gen. Stat. § 1-75.4 also includes within its authority:

> (5) Local Services, Good or Contracts--In any action which:
>
> > a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or
> >
> > b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or

---

[3] For the sake of brevity, only certain sections of North Carolina's long-arm statute are discussed herein; those which The Edge believes Crum & Forster may attempt to raise as a basis for application of North Carolina's long-arm statute. Sections not specifically referenced herein also do not apply, but to the extent Crum & Forster raises any such sections in response to this Brief, The Edge reserves its right to address any such other sections in reply to any response by Crum & Forster.

- 5 -

> c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or
>
> d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction; or
>
> e. Relates to goods, documents of title, or other things of value actually received by the plaintiff in this State from the defendant through a carrier without regard to where delivery to the carrier occurred.

The foregoing section of North Carolina's long-arm statute also plainly does not confer jurisdiction over The Edge in North Carolina. That section primarily deals with service contracts and contracts for the sale of goods where performance by one or both parties is to occur in North Carolina. It plainly does not apply to insurance contracts. Instead, N.C. Gen. Stat. § 1-75.4 specifically addresses insurance contracts in a separate section as follows:

> (10) Insurance or Insurers.--In any action which arises out of a contract of insurance as defined in G.S. 58-1-10 made anywhere between the plaintiff or some third party and the defendant and in addition either:
>
>> a. The plaintiff was a resident of this State when the event occurred out of which the claim arose; or
>>
>> b. The event out of which the claim arose occurred within this State, regardless of where the plaintiff resided.

It is apparent that the foregoing section also does not apply in this matter. First, commercial general liability insurance policies do not appear to be included in the definition of "a contract of insurance" as defined in N.C. Gen. Stat. 58-1-10. That statute defines a contract of insurance as "an agreement by which the insurer is bound to pay money or its equivalent or to do some act of value to the insured upon, and as an indemnity or reimbursement for the destruction, loss, or injury of something in which the other party has an interest." However, the applicable coverage issues under the policies issued by Crum & Forster relate to "destruction, loss, or injury" to the

condominium association and individual unit owners' property located in Florida, as to which The Edge has no interest.

Second, even if the commercial general liability policies involved in this action fell within N.C. Gen. Stat. 58-1-10, Crum & Forster was neither a resident of North Carolina when the event out of which the claim arose occurred, nor did the event out of which the claim arose occur in this state. In fact, Crum & Forster has stated that it was and is an Arizona corporation with a principal place of business in New Jersey. Complaint ¶ 2. Also, the Condominium that forms the basis of the insurance claim is located in Florida. Accordingly, North Carolina's long-arm statute does not apply.

> **2. The Exercise of Jurisdiction over The Edge in North Carolina Does Not Comport with the Due Process Standards of the Fourteenth Amendment to the U.S. Constitution**

It is clear from the above-discussion that North Carolina's long-arm statute does not apply to The Edge. Moreover, the exercise of jurisdiction by this Court does not comport with the Fourteenth Amendment to the U.S. Constitution due process standards. This Court has recognized that because "the North Carolina long-arm statute [N.C. Gen.Stat. § 1–75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, the normal two-step inquiry merges into one." *Andritz at \*4,* citing *Dillon v. Numismatic Funding Corporation.,* 291 N.C. 674, 676 (1977).

As stated by this Court in *Andritz* at \*4, "[t]he exercise of personal jurisdiction comports with due process when the defendant purposefully established minimum contacts in the forum state . . . . [and the] exercise of personal jurisdiction must also comport with traditional notions of fair play and substantial justice." (quotations and citations omitted). Personal jurisdiction may be general or specific. *Id.* at \*5. General personal jurisdiction exists where the non-resident

- 7 -
Case 3:14-cv-00027-RJC-DCK   Document 14-1   Filed 04/07/14   Page 7 of 15

defendant has had continuous and systematic contact with the forum state, even if the action does not arise out of the non-resident defendant's contact with the forum state." *Id*. (citations omitted).

*Andritz* involved a non-resident defendant's solicitation of a bid from a North Carolina plaintiff "to engineer, design, fabricate, deliver, install, construct, test and commission a turbine-generator and related equipment" for a project located in Montana. *Id*. at *3. The defendant knew that the bid would be prepared in North Carolina, and that the related design work would also be performed in North Carolina. *Id*. at *6. Various meetings also occurred between the defendant and the plaintiff in North Carolina. *Id*. at *3.

Based on the foregoing facts, this Court stated in *Andritz* that the defendant had "not had continuous and systematic contact with North Carolina." *Id.* at *5. That holding is dispositive in this case because The Edge had even less contact with this state, if any, than the defendant did in *Andritz*. In the instant matter, the Condominium project and the Underlying Action are located in Florida, and all communication from and to The Edge regarding its claim occurred in Georgia. Accordingly, general personal jurisdiction does not exist.

As to specific personal jurisdiction, this Court has stated that "[w]hen a court asserts specific jurisdiction over a non-resident defendant, the due process requirement of fair warning still mandates that the non-resident defendant have purposefully availed itself of the privilege of conducting activities within the forum state." *Id.*, citing *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 478-79 (1985). It has also been noted that:

> The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

*Andritz at \*5*, citing *Consulting Engineers Corporation v. Geometric Limited,* 561 F.3d 273, 278 (4th Cir. 2009).

Applying the stated test, The Edge clearly has not purposely availed itself of the privilege of conducting activities in North Carolina. The Edge's business involves the construction of the Condominium in Florida through a Florida general contractor. The Edge does not conduct business activities in North Carolina. Therefore, Crum & Forster's Complaint cannot arise out of activities directed at North Carolina because there were no activities in this state.

As to the third element of the relevant test, it has been noted that:

> In determining whether jurisdiction is constitutionally reasonable, courts are to consider factors such as: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

*Id.*, citing *Consulting Engineers,* 561 F.3d at 279.

In this case, it is inherently unreasonable to assert that North Carolina has more of an interest in this insurance coverage dispute than either Georgia (where The Edge is a limited partnership) or Florida (where the Plaintiff in the Underlying Action seeks damages from The Edge to be satisfied under the commercial general liability policies issued by Crum & Forster). Moreover, Crum & Forster is an Arizona corporation with a principal place of business in New Jersey and, thus, has no reason to seek relief in North Carolina in connection with its obligation to The Edge. Crum & Forster could have brought this action in Georgia or Florida, but it did not. It is, therefore, assumed that Crum & Forster's motive is some perceived procedural advantage in filing this action in North Carolina.

Simply put, none of the Constitutional due process requirements for personal jurisdiction over The Edge in North Carolina have been met, and therefore, this case must be dismissed under Rule 12(b)(2).

### B. The Court Should Dismiss the Complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure Because this Action was Brought in an Improper Venue

When the Court's jurisdiction is alleged to be based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (See Complaint ¶ 6), 28 U.S.C. § 1391(a) provides that venue is only appropriate in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

See *Mercam* at *6. "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action . . . ." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005).

First, § 1391(a)(1) does not apply because The Edge does not reside in the Western District of North Carolina, or any other district in North Carolina. Therefore, that section can be easily dismissed.

Second, § 1391(a)(2) is inapplicable because Crum & Forster has not alleged that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," in the Western District of North Carolina, or any other district in North Carolina. Again, 1) The Edge is a Georgia limited partnership with a principal place of business in Georgia, 2) all communication from Crum & Forster to The Edge

regarding the Underlying Action and The Edge's claim for coverage was made to The Edge in Georgia, and 3) all communication from The Edge to Crum & Forster regarding the Underlying Action and The Edge's claim for coverage was made from The Edge in Georgia. Also, Crum & Forster has only sought a declaration regarding its duties to defend and indemnify The Edge in the Underlying Action which is pending in Florida and pertains to a Florida construction project.

Finally, § 1391(a)(3) does not apply because, as established above, this Court lacks personal jurisdiction over The Edge.

Undoubtedly, there are other districts where this action could have been brought; most notably, the Northern District of Georgia. It must be recognized that 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Accordingly, and to the extent this Court does not dismiss this action for a lack of personal jurisdiction, this Court should dismiss this action under Rule 12(b)(3) and pursuant to 28 U.S.C. § 1406(a) because it was brought in the wrong district. While The Edge believes that dismissal under § 1406(a) is more appropriate, in the alternative, this Court should transfer this action pursuant to § 1406(a) to the Northern District of Georgia (see 28 U.S.C. §§ 1391(a)(1)-(2)), or to the Southern District of Florida (see 28 U.S.C. § 1391(a)(2)).[4]

---

[4] In any event, any transfer should occur under 28 U.S.C. § 1406(a), not 28 U.S.C. § 1404(a), to ensure that Crum & Forster does not benefit from its improper choice of venue regarding choice of law considerations. See *Manley v. Engram*, 755 F.2d 1463, 1470 (11th Cir. 1985).

### C. To the Extent this Court finds the Western District of North Carolina to be a Proper Venue for this Action, this Court Should Transfer the Action Under 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

As stated in *IHFC Properties, LLC v. APA Marketing, Inc.*, 850 F. Supp. 2d 604, 622-25 (M.D.N.C. 2012) (citations omitted):

> When considering a motion to transfer under section 1404(a), a court should weigh the following discretionary factors: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of the judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

"The moving party bears the burden of establishing that transfer to another venue is proper." *Id.* at 622 (citations omitted).

Although Crum & Forster chose the Western District of North Carolina in which to file this action, a plaintiff's choice of forum receives less weight when the action bears little relation to the chosen forum. *Id.* at 623, citing *Speed Trac Technologies, Inc. v. Estes Express Lines, Inc.*, 567 F.Supp.2d 799, 803 (M.D.N.C. 2008) (finding no relation to the chosen district in an action alleging breach of contract, among other things, when "the key operative events appeared to have occurred" outside the district). It has already been mentioned repeatedly herein that this action involves a Georgia defendant, and a Condominium and Underlying Action located in Florida. North Carolina has no interest in this matter. Therefore, even if this Court had personal jurisdiction over The Edge, or even if venue were proper, this action should be transferred "for

the convenience of parties and witnesses and "in the interest of justice" to the Northern District of Georgia, where The Edge resides, or to the Southern District of Florida, where the Condominium is located and where the Underlying Action is pending. All of the relevant witnesses and/or the allegedly damaged property are located in those venues.

### III.    CONCLUSION

For the reasons set forth herein, this Court should dismiss the Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure because The Edge is not subject to personal jurisdiction in North Carolina. However, to the extent that this Court finds that personal jurisdiction over The Edge exists in North Carolina, this Court should dismiss the Complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure because this action was brought in an improper venue. If the Court is not inclined to dismiss the action, it should transfer this action to a proper venue under 28 U.S.C. § 1406(a). Finally, if the Court finds that personal jurisdiction exists in North Carolina, and that venue is proper, this Court should transfer this action under 28 U.S.C. § 1404(a) to a more proper venue.

Respectfully submitted this 7th day of April, 2014.

<div style="margin-left:50%">

s/KEVIN P. BRANCH
North Carolina Bar No. 26491
For the Firm
*Attorney for Defendant*
MCMICKLE, KUREY & BRANCH, L.L.P.
200 South Main Street
Alpharetta, GA  30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: kbranch@mkblawfirm.com

</div>

s/RYAN M. SUERTH
*Attorney for Defendant*
Admitted *Pro Hac Vice*
RYAN SUERTH LLC
196 Trumbull Street, Suite 314
Hartford, CT 06103
Telephone: (860) 241-9201
Facsimile: (860) 241-9203
Email: rsuerth@ryansuerth.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2014, I electronically filed **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Blake Adam Palmer
Carroll McNulty & Kull LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ  07920
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

Denise Marra DePekary
Carroll McNulty & Kull LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ  07920
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

Meredith E. Woods
Millberg, Gordon & Stewart PLLC
1101 Haynes Street, Suite 104
Raleigh, NC  27608
ATTORNEY TO BE NOTICED

>                    s/KEVIN P. BRANCH
>                    North Carolina Bar No. 26491
>                    For the Firm
>                    *Attorney for Defendant*
>                    MCMICKLE, KUREY & BRANCH, L.L.P.
>                    200 South Main Street
>                    Alpharetta, GA  30009
>                    Telephone: (678) 824-7800
>                    Facsimile: (678) 824-7801
>                    Email: kbranch@mkblawfirm.com