# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:14-CV-027-RJC-DCK

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **ORDER** ) |
| THE EDGE INVESTORS, L.P., | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendant's Motion To Dismiss Plaintiff's Complaint For Declaratory Relief" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.

## BACKGROUND

Crum & Forster Specialty Insurance Company ("Plaintiff" or "Crum & Forster") filed its "Complaint For Declaratory Relief" (Document No. 1) initiating this action against The Edge Investors, L.P. ("Defendant" or "Edge Investors") on January 23, 2014. Plaintiff seeks a declaration from the Court that it "does not have any obligation to defend or indemnify Edge Investors in connection with" The Edge No. One Condominium Association, Inc. v. The Edge Investors, L.P., et. al., Case No. 2013CA007785 (the "Underlying Action"), filed in the Circuit Court for the Fifteenth Judicial Circuit, In and For Palm Beach County, Florida, on or about May 6, 2013. (Document No. 1); see also, (Document No. 14-1, p.2 and Document No. 15, p.6).

The Underlying Action purportedly involves allegations of design and construction defects in a residential tower of condominium units and parking structures located in West Palm

Beach, Florida (the "Project"). (Document No. 1, p.3). The Project was constructed in or about 2005 – 2007. Id. The complaint in the Underlying Action "alleges generally that as a result of the negligence of Edge Investors, certain design and construction defects have become evident at the Project." Id.

According to the Complaint,

> Crum & Forster issued a commercial general liability policy to Edge Investors, policy number GLO 036646, effective from June 11, 2004 to June 11, 2005, and having limits of $1,000,000 per occurrence and $2,000,000 products/completed operations aggregate. This policy was renewed under the following policy numbers: (1) GLO 081251, effective from June 11, 2005 to June 11, 2006; (2) GLO091193, effective from June 11, 2006 to June 11, 2007; (3) GLO 101342, effective from June 11, 2007 to June 11, 2008; and (4) GLO 131124, effective from June 11, 2008 to June 11, 2009 (the "Crum & Forster Policies").

(Document No. 1, pp.3-4). Plaintiff attached the Crum & Forster Policies (the "Policies") to the Complaint as Exhibits B through F. See (Document Nos. 1-4 through 1-8). The Complaint does not appear to specifically allege that Defendant has sought coverage under the Policies related to the Underlying Action. (Document No. 1).

"Defendant's Motion To Dismiss Plaintiff's Complaint For Declaratory Relief" (Document No. 14) was filed on April 7, 2014. By the pending motion, Defendant contends that the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(3), or in the alternative, this action should be transferred to a more proper venue. (Document Nos. 14, 14-1). Plaintiff's "…Response In Opposition…" (Document No. 15), and "Defendant's Reply…" (Document No. 16), were timely filed on April 17 and April 28, 2014, respectively. As such the pending motion is ripe for review and disposition.

## DISCUSSION

The crux of Defendant's argument in its motion to dismiss is that Defendant is not subject to personal jurisdiction in North Carolina, pursuant to North Carolina's long-arm statute and the due process standards of the Fourteenth Amendment to the U.S. Constitution. (Document No. 14-1). Defendant's key points include the following:

- Edge Investors is a Georgia limited partnership with a principal place of business in Atlanta, Georgia, and its business involves the Project in West Palm Beach, Florida;
- Crum & Forster's Policies were allegedly issued to Wood Real Estate Investors ("WREI") in North Carolina, however, WREI is not a party to this action or the Underlying Action;
- contrary to Plaintiff's allegations, at all relevant times, WREI was not a North Carolina corporation or entity, and did not have a principal place of business in North Carolina;
- all communications between Plaintiff and Defendant regarding the Underlying Action, and Defendant's claims for coverage, were made while Defendant was in Georgia;
- Defendant does not conduct business activities in North Carolina;
- Plaintiff is an Arizona corporation with its principal place of business in New Jersey;
- the Project that forms the basis of the Underlying Action and insurance claim is in Florida; and
- Defendant has not availed itself of the privilege of conducting activities in North Carolina.

(Document No. 14-1, pp.3-10).

Based on the foregoing, Defendant also argues that this venue is not appropriate pursuant to 28 U.S.C. § 1332, and that if the action is not dismissed it should be transferred to the

3

Northern District of Georgia where Defendant resides, or the Southern District of Florida where the Underlying Action is pending. (Document No. 14-1, pp.10-13).

Notably, Plaintiff's response clarifies or adds a few facts: (1) WREI received the Policies "in North Carolina as *a company operating in North Carolina*"; (2) the Underlying Action was filed on May 6, 2013, not November 4, 2009; (3) although the Policies were delivered to WREI, "Defendant was *added by endorsement* to each of the Policies;" and (4) "Defendant has sought coverage under the Policies for the allegations against it in the Underlying Action." (Document No. 15, pp.5-7) (emphasis added).

The focus of Plaintiff's response is the argument that the policies it contends are relevant to this action and/or the Underlying Action were *delivered* to WREI in North Carolina, and therefore, will be governed by North Carolina law. (Document No. 15, pp.5-7, 10-14).

Plaintiff first contends that "Defendant purposefully sought refuge in the protection afforded by the Policies, which were delivered in North Carolina to a company in North Carolina." (Document No. 15, p.10). Plaintiff acknowledges that each policy was delivered, not to Defendant, but to WREI, and contends that the address in a policy's declarations is where the policy was delivered. Id. (citing Pennsylvania Nat. Mut. Cas. Ins. Co. v. Portrait Homes – Commons at Grand Oaks, LLC, 3:12-CV-444-GCM, 2012 WL 5418285 (W.D.N.C. Nov. 6, 2012)).

Plaintiff further contends that by "availing itself of the protections afforded by the Policies, Defendant has also sought the protection of North Carolina law." Id. Plaintiff asserts that "[i]t is well established in North Carolina that '[w]ith insurance contracts the principle of *lex loci contractus* mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract.'" Id.

4

(quoting Fortune Ins. Co. v. Owens, 351 N.C. 424, 428 (2000)). Plaintiff also asserts that the Portrait Homes decision from this Court is directly on point, and supports its argument that Defendant "purposefully attempted to avail" itself of coverage provided by the Policies it knew were delivered in North Carolina. (Document No. 15, p.11). Plaintiff argues that the foregoing facts also establish that "a substantial part of the events giving rise to the claim occurred in this judicial district," thus satisfying § 1391 (b)(2). (Document No. 15, p.15).

"Defendant's Reply…" (Document No. 16) raises a new argument, which although untimely, may merit additional consideration before the pending motion to dismiss is resolved. Defendant now argues that Plaintiff has erroneously asserted in the Complaint "that the instant matter is 'an insurance coverage dispute over [only] five policies.'" (Document No. 16, p.2). Defendant notes that Policy # GLO 31124 (Document No. 1-8) was extended through November 15, 2009, and that Plaintiff "inexplicably" left out "two (2) additionally implicated commercial general liability insurance policies issued by Crum & Forster from November 15, 2009 to November 15, 2010 and from November 15, 2010 to November 15, 2011" (the "2009 – 2011 Policies"), under which Defendant is also seeking coverage in connection with the Underlying Action. Id. Defendant notes that the addresses listed on the 2009 – 2011 Policies is in Georgia, and thus assuming, arguendo, that Plaintiff's legal argument in response is correct, then Georgia law, not North Carolina law would apply to the 2009 – 2011 Policies. (Document No. 16, pp.2-3) (citing Document No. 16-1).

In addition, the reply asserts that Plaintiff's reliance on Portrait Homes is misplaced. (Document No. 16, p.4) (citing Liberty Mutual Ins. Co. v. KB Home, 2013 WL 6185882, at *5 (E.D.Va. Nov. 25, 2013) ("additional insureds on a policy delivered to a party in Virginia is simply too fine a thread to support personal jurisdiction. [Plaintiff] presents no evidence that the

[Defendant] negotiated the policies in Virginia, agreed that Virginia law would govern any disputes, or that the parties negotiated the policies in Virginia")). Defendant contends that unlike Portrait Homes, the insurance policies at issue here were not issued to a North Carolina company. Id. Moreover, Defendant notes that Plaintiff has offered no supporting proof for the assertion that the Policies were delivered to WREI at its "corporate address" in North Carolina. (Document No. 16, p.4).

## CONCLUSION

Based on the foregoing, the undersigned finds that additional briefing may assist the Court's analysis of this case. As such, Plaintiff is directed to file a supplemental brief which shall include a discussion of: (1) Defendant's argument in its reply regarding the impact of the alleged delivery of the 2009 – 2011 Policies to a Georgia address; (2) the applicability of the KB Home decision to this case; (3) any additional information available regarding the alleged delivery of the Policies to WREI in North Carolina; and (4) pinpoint citations to the addition of Defendant by endorsement to each of the Policies (Document Nos. 1-4 through 1-8).

In addition, the undersigned is interested in Plaintiff updating the Court on the status of the Underlying Action, and discussing whether a stay would be appropriate, with specific consideration of the relevance of Judge Voorhees' decision in Crum & Forster Specialty Ins. Co. v. Tripple J Framing, Inc., 5:12-cv-061-RLV-DCK, 2013 WL 2286958 (W.D.N.C. May 23, 2013).

The undersigned is mindful that Defendant has requested oral argument on the pending motion, and is continuing to consider that request. In the meantime, Defendant shall file a response within **seven (7) days** of Plaintiff's supplemental brief.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file a supplemental brief, as directed herein, on or before **June 10, 2014**. Plaintiff's supplemental brief, and Defendant's response to that brief, are each limited to no more than **twelve (12)** pages.

**SO ORDERED**.

Signed: June 2, 2014

David C. Keesler
United States Magistrate Judge